UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80371-CIV-MARRA/JOHNSON

STEVE KARLECKE,

    Plaintiff,
vs.

CITY OF DELRAY BEACH,
ANTHONY W. STRIANESE, individually
and in his official capacity,
JOSEPH L. SCHROEDER, individually and
in his official capacity,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants City of Delray Beach ("the City"), Anthony W. Strianese ("Strianese"), and Joseph L. Schroeder's ("Schroeder"), (collectively, "Defendants") Motion for Summary Judgment (DE 30), filed November 9, 2009.  Plaintiff Steve Karlecke ("Plaintiff" or "Karlecke") filed a Response (DE 36) on December 23, 2009 and Defendant filed a Reply (DE 40) on January 5, 2010.  The motion is fully briefed and ripe for review. The Court has reviewed the motion, response, reply, the entire file in this case, and is otherwise duly advised in the premises.[1]

**Background**

Plaintiff, a former employee of the City, filed a lawsuit in state court on November 21,

---

[1] On January 19, 2010, Plaintiff filed a "Response to Defendants' Joint Reply" (DE 41). Sur-replies are not allowed under the Local Rules without express permission of the Court. See Local Rule 7.1C ("No further or additional memoranda of law shall be filed without prior leave of Court."). Accordingly, the Court shall not consider Plaintiff's "Response to Defendants' Joint Reply" in ruling on Defendant's Motion for Summary Judgment.

2008, which Defendants subsequently removed to this Court.  See DE 1.  In his Third Amended Complaint (DE 16), Plaintiff brings the following claims: Defamation against the City (Count I); Tortious Interference against the City (Count II); Abuse of Process against the City (Count III); 42 U.S.C. 1983 Deprivation of Civil Rights against Strianese (Count IV); 42 U.S.C. 1983 Deprivation of Civil Rights against Schroeder (Count V); 42 U.S.C. 1983 Deprivation of Civil Rights against the City (Count VI); 112.533(2)(B) Violation of Florida Statute against the City (Count VII); and 112.533(2)(B) Violation of Florida Statute against Schroeder (Count VIII).

Plaintiff, a former police officer for the City, voluntarily resigned in August of 2003.  Prior to his resignation, the City commenced an internal affairs investigation of him relating to allegations that he made racist comments while on duty.  Plaintiff's allegations in the instant action relate to the 2003 internal affairs investigation and two forms – an Affidavit of Separation and a Florida Department of Law Enforcement ("FDLE") Form CJSTC 78 (Internal Investigation Report Form) – that were filed upon Plaintiff's resignation and have since been provided to Plaintiff's prospective employers.

In the motion for summary judgment, Defendants argue that the statute of limitations bars each of Plaintiff's claims.   Additionally, Defendants assert immunity from suit.  Finally, Defendants argue that Plaintiff's individual counts fail, either as a matter of law or because there is no evidentiary support for them.

**Standard of Review**

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion.  Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (citations and quotations omitted).

**Discussion**

*Statute of Limitations*

Defendants argue that the statute of limitations bars each of Plaintiff's claims.  For Counts IV, V, and VI (42 U.S.C. 1983), the statute of limitations, which is determined by state law, see Owens v. Okure, 488 U.S. 235, 239-41 (1989), is four (4) years.  See, e.g., Massieu v. Broward Sheriff Office, 2010 WL 228017, *3 (S.D. Fla. 2010); Fla. Stat. 95.11(3)(p).

3

In his § 1983 claims (Counts IV, V, and VI), Plaintiff alleges a due process violation pertaining to the way in which the 2003 internal affairs investigation was handled by the City and several individuals employed by the City.  In particular, Plaintiff alleges that he was entitled to a "name-clearing" hearing involving notice of the charges and an opportunity to respond, which did not occur.  See Comp. ¶¶ 90-105.  Additionally, Plaintiff claims that the City failed to maintain a disciplinary system of checks and balances in internal affairs investigations and, as a result, Plaintiff was "denied due process and was summarily punished without proper notice or an opportunity to clear his name."  See Comp. ¶¶ 106-110.

A review of these counts reveals that Plaintiff's § 1983 claims relate to allegations of incidents, actions, and inactions which occurred in 2003.  As such, Plaintiff's suit, which was not filed until 2008, is time-barred as to each of his § 1983 counts (Counts IV, V, and VI).  The Court rejects Plaintiff's arguments that the limitations period should be tolled for these counts.  Plaintiff's arguments are either inapplicable or legally incorrect.  First, Plaintiff's multiple publication argument (every time a the City presented a report to a new potential employer, the statute of limitations begins to run anew) may be applicable to his defamation claim, but it is not relevant to the allegations of his § 1983 claims.  Second, the "delayed discovery" doctrine is inapplicable to Plaintiff's § 1983 claims because Plaintiff knew in 2003 that a "name-clearing" hearing did not occur.  Finally, the Court rejects Plaintiff's argument that the statute of limitations should be tolled during the time frame that Plaintiff was attending law school full time.  Accordingly, Defendants' motion for summary judgment is **GRANTED** as to Counts IV-VI.

*Remand of Plaintiff's State Law Claims*

In cases such as this, where the Court's jurisdiction is based solely upon a federal

4

question, the Court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims if the Court has eliminated all claims over which it has original jurisdiction. 28 § 1367(c)(3).  In accordance with 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Because the Court no longer has subject matter jurisdiction over this action and has declined to exercise supplemental jurisdiction, Plaintiff's state law claims are remanded to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. See 28 U.S.C. § 1447(c).

**Conclusion**

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment (DE 30) is **GRANTED** as to Counts IV-VI and **DENIED WITHOUT PREJUDICE** as to the remaining counts;

2. This case shall be **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

3. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

4. All pending motions are hereby **DENIED**, without prejudice, as moot; and

5. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 28th day of January, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
Magistrate Judge Linnea R. Johnson
All counsel of record
Steve Karlecke, pro se